UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LASHAUNNA D. MCCONNELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO. 18-00002-JHP |
| | ) |
| **JEFF DAVIS, co-owner of US BEEF CORP., and JOHN DAVIS, co-owner of US BEEF CORP.,** | ) |
| | ) |
| **Defendants.** | ) |

### MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT

Jeff Davis and John Davis ("Defendants"), pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a), respectfully request this Court dismiss Plaintiff Lashaunna McConnell's Complaint for improper venue. Alternatively, Defendants respectfully move the Court, pursuant to 28 U.S.C. § 1404(a) and 1406(a), to transfer this case to the United States District Court for the Northern District of Oklahoma. In support of their Motion, Defendants state as follows:

A.   **STANDARD FOR PROPER VENUE**

Dismissal of a case when venue is improper is permitted by Rule 12(b)(3) and 28 U.S.C. § 1406(a). 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Rule 12(b)(3) provides that a party may move to dismiss a case for "improper venue." The question of whether a venue is improper is governed by 28 U.S.C. § 1391. This general venue statute for lawsuits filed in federal courts identifies three ways that venue can properly be established:

> A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). It is the duty of the Court to determine whether the case falls within one of the three categories set out in 28 U.S.C. § 1391(b). "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). *See also Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007) (upholding the district court's dismissal of a pro se plaintiff's complaint originally filed in the Eastern District of Oklahoma "because no defendants resided in the Eastern District and no events were alleged to have taken place in the Eastern District.").

### B. VENUE IS IMPROPER IN THIS COURT

Under the unequivocal terms of 28 U.S.C. § 1391(b), venue is improper in the Eastern District of Oklahoma in this case with respect to Defendants. Venue in this Court cannot be established by 28 U.S.C. § 1391(b)(1) because Defendants are not residents in the Eastern District of Oklahoma.

For purposes of establishing venue, an individual is deemed to reside in the judicial district in which that person is domiciled. 28 U.S.C. § 1391(c)(1). Jeff Davis and John Davis reside in Tulsa County, in the judicial district of the United States District Court for the Northern District of Oklahoma. [Ex. 1, Affidavit of Kim Thompson, ¶ 6]

Likewise, venue in this Court cannot be established by 28 U.S.C. § 1391(b)(2). In analyzing whether venue is proper under Section 1391(b)(2), the court must "examine the nature of the plaintiff's claims and the acts or omissions underlying those claims, and whether substantial events material to those claims occurred in the forum district." *ConocoPhillips Co. v. Jump Oil Co.*, 948 F. Supp. 2d 1272, 1282 (N.D. Okla. 2013) (internal quotations omitted). In this case, none of the events or omissions giving rise to Plaintiff's claims occurred in the judicial district of the Eastern District of Oklahoma. [Ex. 1, ¶ 5] Plaintiff was employed as a crew member at Arby's #1-6761, located in Broken Arrow, OK. [*Id.*] Arby's #1-6761 is located in Tulsa County in the Northern District of Oklahoma. [See Tulsa County Property Assessor Arby's Search, Exhibit 2] Plaintiff's home address is located in Tulsa County. [See Dkt. No. 1-1; see also Tulsa County Property Assessor Home Search, Exhibit 3] Any and all of Plaintiff's allegations of Title VII violations, which Defendants deny, occurred in Tulsa County. [Ex. 1, ¶ 5; Ex. 2] Thus, all of the events giving rise to the lawsuit occurred in the judicial district of the Northern District of Oklahoma.

Further, Title VII of the Civil Rights Act of 1964 includes a provision governing venue in Title VII claims, which provides:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3); *see also Thomas v. USA Truck, Inc.*, No. CIV-06-412-JHP, 2006 WL 3627628, at *1 (E.D. Okla. Dec. 11, 2006) (citing *Pierce v. Shorty Small's of Branson, Inc.,* 137 F.3d 1190, 1191 (10th Cir.1998). In *Thomas*, the Court analyzed improper venue in deciding

3

defendant's motion to dismiss plaintiff's Title VII claims. *Id*. The Court reasoned that not only did defendant's affidavit specifically challenge every basis for venue under § 2000e-5(f)(3), but the plaintiff also failed to allege facts in the complaint to support venue of the Title VII claim. *Id.* at *2. Ultimately, the Court held venue was improper and transferred the case to the appropriate venue.

Similarly, in this case, Plaintiff failed to allege **any** facts in her Complaint to support that the Eastern District of Oklahoma is the appropriate venue for her Title VII claims. Plaintiff's place of employment was in Tulsa County and any unlawful employment practices allegedly took place in Tulsa County. The employment records are maintained in Tulsa County. Tulsa County is in the Northern District of Oklahoma. Based on these facts, it is apparent that the most appropriate venue under § 2000e-5(f)(3) is the judicial district for the Northern District of Oklahoma.

Therefore, pursuant to 28 U.S.C. § 1406(a) under 12(b)(3), Defendants request that this Court dismiss this action for improper venue. In the alternative, Defendants request that this Court transfer venue of this action to the United States District Court for the Northern District of Oklahoma.

## CONCLUSION

Defendants, Jeff Davis and John Davis, respectfully request that the Court dismiss Plaintiff's Complaint for improper venue, or, in the alternative, enter a motion to transfer this action to the Northern District of Oklahoma, where venue is proper.

Respectfully submitted,

*s/Kathy R. Neal*
Kathy R. Neal, OBA #674
Anna C. Proctor, OBA #32449
MCAFEE & TAFT A Professional Corporation
2 West Second Street, Suite 1100
Tulsa, Oklahoma 74103
918/587-0000
918/599-9317 (FAX)
kathy.neal@mcafeetaft.com
anna.proctor@mcafeetaft.com

***Attorneys for Jeff Davis and John Davis***

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. I have mailed a copy to the following via US Mail:

Lashaunna D. McConnell
1612 S. Narcissus Pl.
Broken Arrow, OK 74012

*s/Kathy R. Neal*
Kathy R. Neal

21231361_1

5