UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LASHAUNNA D. MCCONNELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO. 18-00002-JHP |
| | ) |
| **JEFF DAVIS, co-owner of US BEEF CORP.,** | ) |
| **and JOHN DAVIS, co-owner of US BEEF** | ) |
| **CORP.,** | ) |
| | ) |
| **Defendants.** | ) |

### UNITED STATES BEEF CORPORATION'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT

United States Beef Corporation ("U.S. Beef") respectfully moves to dismiss this action for insufficient process and insufficient service of process pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.[1] Alternatively, U.S. Beef respectfully moves the Court, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the United States District Court for the Northern District of Oklahoma. In support of its Motion, U.S. Beef states as follows:

### A.   U.S. BEEF IS NOT A NAMED DEFENDANT

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(4) is proper when a party alleges "that the Summons and Complaint do not properly name the party on whom the Summons and Complaint is served." *Colony Ins. Co. v. Ropers of Hattiesburg, LLC*, No. 2:11CV3KS-MTP, 2011 WL 1226095, at *2 (S.D. Miss. Mar. 29, 2011). Further, a motion to dismiss under Rule 12(b)(5) is proper "when the wrong party is served with an otherwise proper

---

[1] U.S. Beef appears herein to deny that it is a proper defendant and does not intend to waive any procedural rights, objections, or defenses.

Summons and Complaint." *Id.* Under these Rules, "[i]f a misnomer or mistake on the part of the Plaintiff constitutes a fatal defect, that is, a defect of substance and not merely one of form, the process would be void ab initio and . . . there would be, as recognized by Rule 12(b), both insufficiency of process and insufficiency of service of process." *Id*. (internal citation omitted). A Rule 12(b)(4) motion is proper to challenge noncompliance the requirements for a summons are set forth in Federal Rule of Civil Procedure Rule 4. *Martinez-Jones v. Dulce Indep. Sch.*, No. CIV 07-0703 JB/WDS, 2008 WL 2229457, at *4 (D.N.M. Mar. 14, 2008). Specifically, the summons must "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B).

In this case, Plaintiff filed her Complaint on January 4, 2018, against "Jeff Davis, co-owner of U.S. Beef Corp." and "John Davis, co-owner of U.S. Beef Corporation." [Complaint, Dkt. No. 1] Thereafter, on January 10, 2018, the Court directed the Clerk of Court to issue Civil Summons against the *named* defendants. [Docket, Ex. 1] However, despite not being a named defendant in this case, a summons was issued to U.S. Beef Corporation on January 10, 2018, and served on U.S. Beef on February 26, 2018. [Summons, Ex. 2; *see also* Dkt. Nos. 8, 11]. Plaintiff's claims should be dismissed pursuant to Rule 12(b)(4) and 12(b)(5) due to insufficient process and insufficient service of process upon U.S. Beef.

A plain reading of the Complaint does not indicate that U.S. Beef was sued in its corporate capacity. In the caption of her lawsuit, Plaintiff named Defendants Jeff and John Davis, co-owners of U.S. Beef. Plaintiff did not name U.S. Beef in her caption. Additionally, on page two (2) of her Complaint, Plaintiff listed two Defendants: John and Jeff Davis. Plaintiff did not list U.S. Beef as a Defendant. Further, on page three (3) of her Complaint, Plaintiff indicated the basis for federal court jurisdiction was federal question, arising under the EEOC charge.

2

Therefore, Plaintiff's reference to U.S. Beef as an Oklahoma Corporation under the Diversity of Citizenship section is inapplicable. Diversity of citizenship is not at issue in this case.

Plaintiff stated no allegations in her Complaint, but merely attached her EEOC charge. Therefore, Plaintiff alleges no claims against U.S. Beef. Plaintiff had multiple opportunities to name U.S. Beef as a defendant, yet deliberately chose not to do so. Pursuant to Rule 12(b)(4), the summons served upon U.S. Beef does not properly contain the name of the parties, because U.S. Beef is not a party to the lawsuit. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1353 (3d ed. 2010) ("the form of process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or a motion under Rule 12(b)(5) could be made on the ground that the wrong party—that is, a party not named in the summons—has been served"). Therefore, U.S. Beef is not a proper party to this action, should not have been served, and any claims against it should be dismissed.

      **B.**    **ALTERNATIVE MOTION TO TRANSFER VENUE**

In the alternative, this case should be transferred from the Eastern District of Oklahoma to the Northern District of Oklahoma. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The purpose of § 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Lowry v. Chi., R.I. & P.R. Co.*, 293 F. Supp. 867, 868 (W.D. Okla. 1968). *See also Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) (explaining that § 1404 permits transfer "upon a lesser showing of inconvenience" than under forum non-conveniens).

In considering a motion to transfer under § 1404(a), courts consider the following discretionary factors:

> [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and . . . [9] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).

Venue is proper in a "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C § 1391(b)(1). For purposes of establishing residency for venue, an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. . ." 28 U.S.C § 1391(c)(2).

Plaintiff filed the current action in the Eastern District of Oklahoma. U.S. Beef operates Arby's restaurants in eight states, including throughout Oklahoma. [*See* Affidavit of Kim Thompson, Ex. 3, ¶ 3] While U.S. Beef arguably is subject to personal jurisdiction in the Eastern District of Oklahoma because of Arby's locations within the district, the Eastern District is not the most convenient forum for all parties involved. Plaintiff's choice of the Eastern District of Oklahoma should not outweigh the fact that no events giving rise to the lawsuit occurred in the Eastern District of Oklahoma. *See Media Queue, LLC v. Netflix, Inc.*, No. CIV-08-402-KEW, 2009 WL 464456, at *3 (E.D. Okla. Feb. 24, 2009) (internal citation omitted) ("Where the facts

4

giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given reduced weight.").

In this case, none of the events or omissions giving rise to Plaintiff's claims occurred in the judicial district of the Eastern District of Oklahoma.  Plaintiff was employed as a crew member at Arby's #1-6761, located in Broken Arrow, OK. [Ex. 3, ¶ 5] Plaintiff was employed as a crew member at Arby's #1-6761, located in Broken Arrow, OK. [*Id.*]  Arby's #1-6761 is located in Tulsa County in the Northern District of Oklahoma.  [*See* Tulsa County Property Assessor Arby's Search, Exhibit 4]  Plaintiff's home address is located in Tulsa County.  [*See* Dkt. No. 1-1; see also Tulsa County Property Assessor Home Search, Exhibit 5]  Any and all of Plaintiff's allegations of Title VII violations, which Defendants deny, occurred in Tulsa County. [Ex. 3, ¶ 5]  Thus, all of the events giving rise to the lawsuit occurred in the judicial district of the Northern District of Oklahoma. Further, U.S. Beef is an Oklahoma corporation with its principal place of business and corporate headquarters in Tulsa County, in the Northern District of Oklahoma.  [Id. ¶ 4]

Further, Title VII of the Civil Rights Act of 1964 includes a provision governing venue in Title VII claims, which provides:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3); *see also Thomas v. USA Truck, Inc.*, No. CIV-06-412-JHP, 2006 WL 3627628, at *1 (E.D. Okla. Dec. 11, 2006) (citing *Pierce v. Shorty Small's of Branson, Inc.,* 137 F.3d 1190, 1191 (10th Cir.1998).  In *Thomas*, the Court analyzed improper venue in deciding

defendant's motion to dismiss plaintiff's Title VII claims. *Id*. The Court reasoned that not only did defendant's affidavit specifically challenge every basis for venue under § 2000e-5(f)(3), but the plaintiff also failed to allege facts in the complaint to support venue of the Title VII claim. *Id.* at *2. Ultimately, the Court held venue was improper and transferred the case to the appropriate venue.

Similarly, in this case, Plaintiff failed to allege **any** facts in her Complaint to support that the Eastern District of Oklahoma is the appropriate venue for her Title VII claims. Plaintiff's place of employment was in Tulsa County and any unlawful employment practices allegedly took place in Tulsa County. Any witnesses to Plaintiff's claims would be present in Tulsa County. The employment records are maintained in Tulsa County. Tulsa County is in the Northern District of Oklahoma. Based on these facts, it is apparent that the most appropriate venue under § 2000e-5(f)(3) is the judicial district for the Northern District of Oklahoma. Additionally, the Northern District of Oklahoma is the most convenient district for the parties and witnesses involved in the action, pursuant to 28 U.S.C. § 1404(a).

Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) U.S. Beef requests that this Court dismiss this action. In the alternative, Defendants request that this Court transfer venue of this action, in the interest of justice, to the United States District Court for the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1404.

## CONCLUSION

U.S. Beef respectfully requests the Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. In the alternative, U.S. Beef requests the Court enter a motion to transfer this action to the Northern District of Oklahoma for the convenience of the parties and witnesses, and in the interest of justice.

Respectfully submitted,

*s/Kathy R. Neal*
Kathy R. Neal, OBA #674
Anna C. Proctor, OBA #32449
MCAFEE & TAFT A Professional Corporation
2 West Second Street, Suite 1100
Tulsa, Oklahoma 74103
918/587-0000
918/599-9317 (FAX)
kathy.neal@mcafeetaft.com
anna.proctor@mcafeetaft.com

***Attorneys for Jeff Davis and John Davis and United States Beef Corporation (specially appearing)***

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. I have mailed a copy to the following via US Mail:

Lashaunna D. McConnell
1612 S. Narcissus Pl.
Broken Arrow, OK 74012

*s/Kathy R. Neal*
Kathy R. Neal